IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK,<br><br>    Plaintiff,<br><br>vs.<br><br>ROUSTABOUT SPECIALITIES, INC.,<br><br>    Defendant. | ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO TRANSFER<br><br><br><br><br><br>Case No. 2:07-CV-00020 PGC |

Plaintiff National Railroad Passenger Corporation, dba Amtrack, filed this action alleging negligence against defendant Roustabout Specialities, Inc., based upon an accident, in Utah near the Colorado state line, that killed one of Roustabout's employees, David Miller.  Roustabout moves this court to dismiss or transfer this action to the United States District Court for the District of Colorado because of a parallel action, pending in that court, brought by Mr. Miller's family and in which Roustabout intervened.  National opposes the motion to dismiss or transfer.

Both parties rely upon the first to file rule, which provides "that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the

case."[1]  They disagree, however on its application here.  Roustabout maintains that because the Millers, the plaintiffs in Colorado action, filed their complaint before National filed this action, this court should decline venue in favor of the Colorado district court.  National responds that because it filed this action before Roustabout moved to intervene in the Colorado action, this court should retain venue.

While the parties were briefing the motions before this court, the Colorado court denied National's motion to dismiss or transfer Roustabout's complaint in intervention.  In doing so, the Colorado court determined that jurisdiction first attached in the Colorado action.  The court also found: (1) that the cases arise out of the same incident and concern identical liability issues although the type of damages sought may be different; (2) both states have an interest in the matter – the accident occurred in Utah but the plaintiffs and Roustabout are Colorado residents; (3) the accident occurred not far from the Colorado state line and witnesses would be equally inconvenienced by either forum; (4) National is not a resident of either forum; and (5) National consented to Roustabout's intervention in the Colorado action.  After the Colorado court denied National's motion to dismiss or transfer, National filed a counterclaim in the Colorado action that is virtually identical to its Complaint filed in this action.

This court declines to interfere with the Colorado court's retention of venue, especially given its sound findings and well-reasoned conclusions.  The court, however, is unconvinced that dismissal, rather than transfer, is the appropriate relief.[2]  The Colorado court is well situated to

---

[1] *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982).

[2] *See* 28 U.S.C. §§ 1404(a) & 1406.

make all final decisions about what to do with this case once it is transferred there.

Accordingly, the court HEREBY DENIES the motion to dismiss (#4) but GRANTS the motion to transfer venue (#5).  The court ORDERS transfer of this matter to the United States District Court for the District of Colorado.  National's motion for an extension of time to answer the Complaint (#3) is DENIED as moot.  The court clerk is directed to close this case.

SO ORDERED.

DATED this 18th day of June, 2007

BY THE COURT:

_____
Paul G. Cassell
United States District Judge